UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MONICA M. MILLER,

     Plaintiff,

 v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

     Defendant.

Case No. 3:11-cv-05801-BHS-KLS

REPORT AND RECOMMENDATION TO DENY APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Noted for January 6, 2012

This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local Rule MJR 3 and 4. This matter comes before the Court on plaintiff's filing of an application to proceed *in forma pauperis* and a complaint to review and set aside a decision of the Social Security Administration under 42 U.S.C. § 405(g). Because plaintiff has failed to respond to the undersigned's order to file the written consent required by Local Rule CR 3(b), her application should be denied.

DISCUSSION

The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. See 28 U.S.C. § 1915(a). However, the Court has broad discretion in denying an application to proceed *in forma pauperis*. Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963), cert. denied, 375 U.S. 845 (1963).

On October 4, 2011, the undersigned ordered plaintiff cure a deficiency in her application to proceed *in forma pauperis*, by filing by no later than November 3, 2011, the written consent

REPORT AND RECOMMENDATION - 1

required by Local Rule CR 3(b).[1]  In that order, the undersigned warned plaintiff that failure to cure the above deficiency would be deemed to be a failure to prosecute, and thus would result in a recommendation of dismissal of this matter.  To date plaintiff has not responded as ordered.

## CONCLUSION

Because plaintiff has failed to cure the deficiency in her application to proceed *in forma pauperis*, the undersigned recommends the Court treat this as a failure to prosecute and therefore dismiss this matter without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedures ("Fed. R. Civ. P.") 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. See also Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration on **January 6, 2012**, as noted in the caption.

DATED this 19th day of December, 2011.

Karen L. Strombom
United States Magistrate Judge

---

[1] Local Rule CR 3(b) provides in relevant part:

> At the time application is made under 28 U.S.C. § 1915 or other applicable acts of Congress, for leave to commence any civil action or to file any petition or motion without being required to prepay fees and costs or give security for them, each petitioner, movant or plaintiff shall:
>
> (1) Complete the in forma pauperis affidavit approved for use in this district; and
>
> (2) File a written consent that the recovery, if any, in the action, to such amount as the court may direct, shall be paid to the clerk who may pay therefrom all unpaid fees and costs taxed against the plaintiff, and to his attorney the amount which the court allows or approves as compensation for the attorney's services.

REPORT AND RECOMMENDATION - 2